**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____**

CAMCO MANUFACTURING, LLC,

              Plaintiff,

vs.

GODIRECTINC.COM, INC.,

              Defendant.

**COMPLAINT**

Plaintiff Camco Manufacturing, LLC ("Plaintiff" or "Camco"), by and through its undersigned counsel, files this Complaint against Defendant GODIRECTINC.COM, INC. ("Defendant"), and, in support thereof, alleges as follows:

<u>**THE PARTIES**</u>

1.    This is an action for trade dress and trademark infringement, unfair competition, and unfair or deceptive trade practices. Defendant has copied and knocked off Camco's renowned and well-known yellow and black trade dress/trademark for electrical adapters and electrical extension cords often used with recreational vehicles ("RVs"). In this Complaint, the term "Knock-off Products" refers to Defendant's electrical adapters and cords in question, namely those bearing the infringing trade dress, those which infringe one or both of Camco's trademark or trade dress, and/or those for which their sale or distribution constitutes unfair competition or unfair or deceptive trade practices.

2.    Camco Manufacturing, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware with a principal place of business and

1

its headquarters in Greensboro, North Carolina. Camco was previously organized as a North Carolina corporation named Camco Manufacturing, Inc., and was converted on July 23, 2021, to a Delaware limited liability company named Camco Manufacturing, LLC. Camco Manufacturing, LLC, the current operating entity, and its predecessor in interest relevant to this lawsuit, Camco Manufacturing, Inc., are referred to collectively in this Complaint as "Camco." Camco Manufacturing, LLC, is the owner of, and received via the conversion, all trademark, trade dress, and other rights and associated goodwill relevant to this lawsuit formerly owned by Camco Manufacturing, Inc.

3.      Upon information and belief, Defendant GODIRECTINC.COM, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 489 Yorbita Road, Unit B, La Puente, California 91744.  Upon information and belief, Defendant owns and operates the website gearit.com and otherwise does business under the name GearIT.

## JURISDICTION AND VENUE

4.      Camco brings this action for trade dress and trademark infringement, unfair competition, and unfair or deceptive trade practices under the laws of the United States and state law(s). Certain of Camco's claims, including those for trademark and trade dress infringement, arise under the laws of the United States, *see* 15 U.S.C. §§ 1051 *et seq.* & 1125. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338 and 15 U.S.C. §§ 1116 & 1121, among other laws. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

5.     This Court may exercise personal jurisdiction over Defendant due to the following actions, without limitation and upon information and belief: (a) Defendant has sold and placed in the stream of commerce the Knock-off Products, which have been offered to and sold to customers within the State of North Carolina; (b) Defendant markets its products, including the Knock-off Products, to and within the State of North Carolina and within this District; (c) Defendant copied the trade dress and trademark of electrical adapters and electrical extension cords for use with RVs from Camco, which is headquartered in Greensboro, North Carolina, with knowledge of Camco's location and to the harm of Camco in North Carolina; (d) Defendant knowingly competed unfairly and otherwise knocked-off Camco's products and rights with knowledge that it would harm Camco in North Carolina; and (e) Defendant's infringements, actions, and knockoffs are likely to cause confusion, mistake, or deception in North Carolina. Defendant's actions demonstrate its purposeful availment of the laws of North Carolina.

6.     Venue is proper in this District under 28 U.S.C. § 1391 because, without limitation to other grounds for proper venue, a substantial part of the events or omissions giving rise to the claims occurred in this District and/or Defendant is subject to personal jurisdiction in this District.

## FACTS CONCERNING THE INFRINGEMENTS

### A.     Camco's Electrical Products

7.     Camco is a leading manufacturer of equipment used for RVs. One line of Camco's products for RVs is a line of electrical adapters and electrical extension cords used

3

to connect RVs to a variety of power sources. RV operators find it important to have such extensions and electrical adapters, sometimes called "dogbones," because it is common for an RV operator to park the RV at an RV campground or other location where an extension is needed and/or where the electrical outlets emit electricity at a different level of current (measured in amps) than the RV is designed to accept.

8.    Camco has manufactured and sold such extension cords and dogbone electrical adapters in interstate commerce for years. Camco extension cords and adapters are sold to consumers at modest prices through a variety of retail channels, including but not limited to recreational products stores, catalogs, and the internet.

9.    Years ago, a team of Camco designers working in North Carolina developed an ornamental trade dress for its extension cords and dogbone electrical adapters. Namely, for these products, Camco employs a color combination of a black cord with yellow ends, heads, or receptacles (the "Trade Dress"). In this Complaint, the term "Trade Dress" includes Camco's trademark identified in U.S. Registration No. 6274487 on such trade dress.

10.   Examples of Camco's dogbone electrical adapters with Camco's Trade Dress are shown below.

4



11.     Camco has continuously used its Trade Dress to sell its extension cords and/or dogbone electrical adapters with Camco's Trade Dress since approximately March 2005, i.e. for almost 20 years. Camco has consistently and intentionally used its Trade Dress to facilitate a connection in the minds of consumers between products with Camco's Trade Dress and the quality for which Camco has become known.

12.     On information and belief, for several years prior to any infringing use described herein, Camco was the exclusive company to sell in America extension cords and dogbone electrical adapters with Camco's Trade Dress (i.e. the color combination of a black cord with yellow ends, heads, or receptacles) in, at a minimum, the RV market.

13.     Camco is aware of other companies which previously plagiarized and knocked-off Camco's Trade Dress, as well as other aspects of Camco's products, but after

lawsuits, some of which resulted in court judgments in Camco's favor, those companies stopped selling products with the color combination of a black cord with yellow ends, heads, or receptacles.

14.     Camco's sales of the products bearing Camco's Trade Dress have been significant. Camco's extension cords and dogbone electrical adapters with Camco's Trade Dress have consistently been among the top selling extension cords and dogbone electrical adapters for RVs.

15.     Camco has used, and continues to use, its Trade Dress to identify its products and to distinguish them from the products of other manufacturers and distributors.

16.     Camco's Trade Dress is and has been unusual, distinctive, and unlike the trade dress used by other companies for such products.

17.     Camco's Trade Dress is inherently distinctive as a source indicator or indicia of source or origin for its products.

18.     Camco's Trade Dress has also acquired distinctiveness among the relevant public and audience for RV extension cords and/or dogbone electrical adapters, as demonstrated by the volume of Camco's sales and advertising success, the long length of time–for almost 20 years–Camco has been the exclusive seller of such products with Camco's Trade Dress, the prior and current attempts to plagiarize Camco's Trade Dress, awareness by the relevant public, and other factors. Camco's Trade Dress for its relevant products acquired distinctiveness and secondary meaning prior to Defendant's production, marketing, and sale of the Defendant's products at issue in this lawsuit.

6

19.     Camco's Trade Dress is protectable and protected under federal and state laws.

20.     Further, on February 16, 2021, the United States Patent and Trademark Office granted to Camco a trademark registration, U.S. Registration No. 6274487, for the trademark/trade dress consisting of the Trade Dress, namely, the colors yellow and black as applied to power cords used with recreational vehicles, for the products identified as "electrical accessories for use in the RV, marine, automotive, and camping fields, namely power cords and extension cords." An image of the registration certificate appears below.





| Reg. No. 6,274,487 | CAMCO Manufacturing, Inc. (NORTH CAROLINA CORPORATION) |
|---|---|
| **Registered Feb. 16, 2021** | 121 Landmark Drive |
| | Greensboro, NORTH CAROLINA 27409 |
| **Int. Cl.: 9** | |
| | CLASS 9: electrical accessories for use in the RV, marine, automotive, and camping |
| **Trademark** | fields, namely, power cords and extension cords |
| | FIRST USE 10-00-2004; IN COMMERCE 10-00-2004 |
| **Supplemental Register** | |
| | The color(s) yellow and black is/are claimed as a feature of the mark. |
| | The mark consists of the colors yellow and black as applied to power cords used with |
| | recreational vehicles in their entirety. The broken lines are intended to show the |
| | positioning of the mark and are not claimed as part of the mark. |
| | SER. NO. 88-721,136, FILED P.R. 12-10-2019; AM. S.R. 08-06-2020 |





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

21.     Camco's Trade Dress is not functional. It does not assist the functioning of the extension cords or dogbone electrical adapters, and it is not otherwise functional. Camco's exclusive use of its Trade Dress/trademark does not place other competitors at a disadvantage; there are a variety of other non-infringing designs available on the market.

**B.      Defendant's Knock-Off Products**

22. Defendant's Knock-off Products have been configured and marketed in trade dress that is likely to cause confusion among the consuming public as to the source of, respectively, Camco's relevant products and/or Defendant's Knock-off Products.

23. Below are examples of online retail locations where Defendant is offering its Knock-off Products for sale both on its own website and as a seller through Amazon.com.



Case 1:24-cv-00738-CCE-LPA     Document 1     Filed 08/30/24     Page 9 of 22



24.     Confusion is likely to arise based on similarities between Defendant's trade dress and Camco's Trade Dress, including without limitation the identical or nearly identical colors and color combinations of a black cord with yellow ends, heads, or receptacles, all on the same or very similar types of products.

25.     Confusion is also likely to arise considering that Defendant's products and Camco's products are of the same type and are sold through the same channels of trade, including Amazon.com. Other factors additionally make confusion likely, including a consideration of the degree of care expected from consumers for the modestly-priced items.

26.     Upon information and belief, Defendant modeled its products on Camco's Trade Dress in an effort to induce the consuming public into purchasing Defendant's Knock-off Products rather than Camco's products.

27.     Defendant's copying and adoption of Camco's Trade Dress is material to purchasing decisions. Below is a photo of a retailer's display. It illustrates the importance of the color combination in the Trade Dress as a source indicator when purchasing decisions are made. Upon information and belief, the consuming public has come to expect that products are from Camco, and are of a certain quality, when they bear Camco's Trade Dress. Defendant's copying of that Trade Dress and use of confusingly similar trade dress harms both Camco and the consuming public.



28.     As a consequence of Defendant's actions, there is a likelihood of confusion.

29.     Defendant has infringed the trademark and trade dress of Camco and created a false designation of origin by manufacturing, distributing, offering for sale, and selling,

11

without Camco's permission, electrical adapters and electrical extension cords to be used with RVs (or other products) that have a color scheme and configuration that is confusingly similar to Camco's trademark and trade dress. Upon information and belief, Defendant has knowingly and willfully infringed Camco's trademark and trade dress with the intent and effect of trading upon Camco's goodwill by causing confusion and mistake among customers.

30. Upon information and belief, Defendant's infringing actions have the intent and effect of deceiving the public into believing that the Knock-off Products are associated with, sponsored by, or approved by Camco, when they are not.

31. Defendant's conduct in marketing products under trade dress that is confusingly similar to the trademark and trade dress for Camco's products constitutes a violation of federal law, including without limitation Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1114, as well as state laws.

32. Defendant's conduct described above constitutes unfair competition. Defendant's conduct improperly capitalizes upon the hard work, ingenuity, and rights of Camco, and the goodwill established for Camco and its cords and adapters.

33. Defendant's conduct described above has been knowing, malicious, intentional and willful.

34. Defendant committed its actions to deceive the public and potential customers.

35.     Defendant's conduct described above has caused and will continue to cause irreparable injury to Camco and for which a remedy at law of damages will not be sufficient.

36.     Defendant intentionally, actively, and materially contributed to the violations and acts described above, including the manufacturing, marketing, and/or selling of products and the infringements described above.

37.     Camco is entitled to recover damages caused by the conduct of Defendant, as well as an accounting of and disgorgement of the profits of Defendant. Camco is further entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

38.     Defendant's actions demonstrate its intentional misconduct and that its actions are neither fair use nor fair competition.

39.     Defendant's actions have harmed Camco by diverting sales, confusing the public, and violating Camco's rights in its trademark and trade dress.

**C.     Defendant's Notice of Camco's Trade Dress**

40.     On May 14, 2024, shortly after learning that Defendant was offering the Knock-off Products for sale, counsel for Camco sent a letter to Defendant notifying Defendant that the Knock-off Products infringe Camco's trade dress (the "Cease-and-Desist Letter"). The Cease-and-Desist Letter requested that Defendant respond to its allegations of infringement and confirm its intention to cease selling the Knock-off Products by no later than May 28, 2024.

41.     As of the date of this Complaint, Defendant has not responded to the Cease-and-Desist Letter.

<strong><u>FIRST CLAIM FOR RELIEF</u></strong><br><strong>(Trade Dress Infringement under the Federal Lanham Act)</strong>

42.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

43.     Camco owns rights in Camco's Trade Dress for its electrical adapters and electrical extension cords often used with RVs. Camco's Trade Dress consists of the color combination of a black cord with yellow ends, heads, or receptacles. Examples of Camco's dogbone electrical adapters with Camco's Trade Dress are shown below.



44.     Camco's Trade Dress has acquired distinctiveness among the relevant public and audience for RV extension cords or dogbone electrical adapters, as seen by the volume

of Camco's sales and paid advertising, the length of time Camco has been the exclusive seller of such products with Camco's Trade Dress, awareness by the relevant public, and other factors. Camco's Trade Dress for its relevant products acquired distinctiveness and secondary meaning prior to Defendant's production, marketing, and sale of the Defendant's products at issue in this lawsuit.

45. Camco's Trade Dress is also inherently distinctive.

46. Camco's Trade Dress is protectable and protected under federal and state laws, including by registration with the United States Patent and Trademark Office.

47. Camco's Trade Dress is not functional. It does not assist the functioning of the extension cords or dogbone electrical adapters, and it is not otherwise functional. For example, there are a variety of other non-infringing designs available on the market.

48. Defendant's Knock-off Products have been configured and marketed in trade dress that is likely to cause confusion among the consuming public as to the source of Defendant's Knock-off Products. Confusion is likely to arise based on similarities between Defendant's trade dress and Camco's Trade Dress. Both display a black cord with yellow heads or receptacles. Confusion is also likely to arise considering other factors, including the similarity of products, Defendant's intent to copy, that Defendant's products and Camco's products are sold through the same channels of trade, and a consideration of the degree of care expected from consumers for the modestly-priced items.

49. Defendant has infringed Camco's Trade Dress and created a false designation of origin by manufacturing, distributing, offering for sale, and/or selling, without Camco's

permission, cords and adapters that have trade dress that is confusingly similar to and/or likely to be confused with the trade dress of Camco's products. Upon information and belief, Defendant has knowingly and willfully infringed Camco's trade dress with the intent and effect of trading upon Camco's goodwill by causing confusion and mistake among customers. Upon information and belief, Defendant's infringing actions have the intent and effect of deceiving the public into believing that the Knock-off Products are associated with, sponsored by, or approved by Camco, when they are not.

50.     Without limitation, Defendant's actions are likely to cause confusion, mistake, or deception of relevant consumer as to the source or origin of the respective products due to the similarities of the color combinations and configurations, products, channels of trade, and marketing, among other factors.

51.     Defendant's conduct in marketing products under trade dress that is confusingly similar to the trade dress of Camco's products constitutes a violation of federal law, including without limitation Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Camco and for which a remedy at law of damages will not be sufficient.

53.     Camco is entitled to recover damages caused by the conduct of Defendant, as well as an accounting of and disgorgement of the profits of Defendant. Camco is further entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

16

## SECOND CLAIM FOR RELIEF
### (Infringement of a Registered Trademark in the Trade Dress)

54.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

55.     Camco owns U.S. Registration No. 6274487 for a trademark in the Trade Dress in connection with "electrical accessories for use in the RV, marine, automotive, and camping fields, namely power cords and extension cords."

56.     By reason of the foregoing, Defendant has knowingly engaged and is continuing to engage in acts of infringement of Camco's registered trademark in violation of 15 U.S.C. § 1114.

57.     Defendant acted with knowledge and intent to cause confusion or mistake, or to deceive consumers, and such conduct is likely to cause confusion or mistake, or to deceive. Without limitation, Defendant's actions are likely to cause confusion, mistake, or deception of relevant consumer as to the source or origin of the respective products due to the similarities of the color combinations and configurations, products, channels of trade, and marketing, among other factors.

58.     Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Camco and for which a remedy at law of damages will not be sufficient.

59.     Camco is entitled to recover damages caused by the conduct of Defendant, as well as an accounting of and disgorgement of the profits of Defendant, plus interest and

costs. Camco is further entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

**THIRD CLAIM FOR RELIEF**
**(Common Law Trade Dress Infringement)**

60.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

61.     By reason of the foregoing, Defendant has engaged and is continuing to engage in acts of trade dress infringement in violation of the common law.

62.     Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Camco and for which a remedy at law of damages will not be sufficient.

63.     Camco is entitled to recover damages caused by the conduct of Defendant, as well as an accounting of and disgorgement of the profits of Defendant, plus interest and costs.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition)**

64.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

65.     By reason of the foregoing, Defendant has engaged, and is continuing to engage, in acts of unfair competition prohibited by law. To wit, Defendant has knocked off, copied, and infringed Camco's Trade Dress in its manufacturing, marketing, and sale of the Knock-off Products.

18

66. Defendant's unfair competition improperly capitalizes upon the hard work, ingenuity, and rights of Camco, namely in the Camco Trade Dress, consumer recognition, and goodwill established for Camco and its cords and adapters for use with RVs.

67. Defendant's conduct described above has been knowing, malicious, intentional, and willful.

68. Defendant committed these actions to deceive the public and potential customers.

69. Defendant's actions are likely to cause confusion in the minds of the relevant public, leading the relevant public to believe that Defendant's Knock-off Products emanate or originate from Camco and/or that Camco has approved, sponsored, or otherwise associated itself with Defendant's Knock-off Products, which is false.

70. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Camco and for which a remedy at law of damages will not be sufficient.

71. Camco is entitled to recover damages caused by the conduct of Defendant, as well as an accounting of and disgorgement of the profits of Defendant, plus interest and costs.

## FIFTH CLAIM FOR RELIEF
### (Statutory Unfair Competition)

72. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

73.     Defendant's actions described in this Complaint were taken in and affected commerce and constitute unfair or deceptive trade practices, as defined by N.C. Gen. Stat. § 75-1.1. In particular, and without limitation, Defendant's unfair or deceptive trade practices include:

      a.  Making, advertising, distributing, offering, and/or selling competing products with trade dress that is likely to cause confusion among the consuming public as to the source, sponsorship, or affiliation of the Knock-off Products and/or Camco's products;

      b.  Trading upon Camco's goodwill by causing confusion and mistake among customers; and

      c.  Deceiving the public into believing that Defendant's Knock-off Products are associated with, sponsored by, or approved by Camco, when they are not.

74.     Such conduct on the part of Defendant has proximately caused and will continue to cause irreparable injury to Camco and for which a remedy at law of damages will not be sufficient.

75.     Camco is entitled to recover its damages caused by the conduct of Defendant, as well as a disgorgement of the profits of Defendant. Camco is further entitled to the trebling of such damages and an award of its costs and attorneys' fees, plus interest.

20

## JURY DEMAND

76.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Camco hereby requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Camco respectfully requests that the Court find in Camco's favor and against Defendant, enter judgment against Defendant, and order and award:

1.     That Defendant is liable to Camco due to Defendant's trade dress and/or trademark infringement, unfair competition, and unfair or deceptive trade practices;

2.     That Defendant and its respective agents, servants, employees, contractors, and all persons, firms, corporations, or entities acting under any of their direction, authority, or control, and all persons acting in concert with any of them, be enjoined permanently from: making, selling, distributing, offering, and/or selling products bearing or using Camco's Trade Dress/trademark and/or any confusingly similar trade dress or trademark;

3.     That Defendant be required to account for its profits derived from violation of Camco's rights;

4.     That Camco be awarded damages, both compensatory and exemplary, including trebled damages pursuant to N.C. Gen. Stat. § 75-16, in amounts to be determined at trial;

5.     That Defendant be ordered to pay Camco's costs incurred herein, including reasonable attorneys' fees to the extent permitted by applicable law, including, without limitation, pursuant to N.C. Gen. Stat. § 75-16.1, plus pre- and post-judgment interest;

6.     That the Court provide a trial by jury as to all issues so triable; and

7.     That the Court award such other and further relief as the Court may deem just, proper and equitable under the circumstances.

This the 30th day of August, 2024.

/s/ Jeffrey S. Southerland
Jeffrey S. Southerland
N.C. State Bar No. 34221
jsoutherland@tuggleduggins.com
Blake P. Hurt
N.C. State Bar No. 42929
bhurt@tuggleduggins.com
Mason P. Butner
N.C. State Bar No. 60794
mbutner@tuggleduggins.com
*Attorneys for Plaintiff*

OF COUNSEL:

TUGGLE DUGGINS P.A.
400 Bellemeade St., Suite 800 (27401)
P.O. Box 2888
Greensboro, NC 27402
Telephone:(336) 378-1431
Facsimile: (336) 274-6590

22