STANDARD PRELIMINARY ORDER FOR ALL CIVIL CASES

To facilitate efficient disposition of motions and prompt resolution of disputes, the Court supplements and modifies the Local Rules as follows. It is **ORDERED** that:

1.      The Court enforces the requirements of the Local Rules, as modified and supplemented herein. Parties are reminded that spacing, margin, and font constraints are mandatory, as are word limits; legal arguments require citation to legal authority; factual assertions unsupported by citation to specific evidence in the record will be disregarded; and a citation to a multi-page exhibit or to a pleading or brief must contain a pin cite to the specific page and, for exhibits or pleadings and where possible, the line or paragraph number containing the cited material. To the extent a party incorporates by reference arguments in other briefs, the word limit for the incorporating brief is correspondingly decreased.

2.      Litigants should submit proposed orders contemplated by L.R. 5.3(f)(3) or requested by the Court in Word format.

3.      The parties shall comply with L.R. 5.1. Absent a specific request from the Court, paper copies are not required for dispositive motions and briefs. For discovery motions and briefs, the parties shall follow the preference of the assigned Magistrate Judge.

4.      The Court generally works paperless, so it is helpful for litigants to refer to pleadings, briefs, exhibits, and other materials on the docket by CM-ECF docket and page number, when possible.

5.      When a party proffers deposition testimony in support of or opposition to a motion, per L.R. 7.1(c), the party shall submit relevant excerpts and plenty of surrounding

1

content to provide context for cited passages. All excerpts from one person's deposition shall be submitted as one exhibit. Condensed transcripts of depositions are welcome. If a deposition transcript contains fewer than 30 pages, or if the litigant contemplates that the deposition will be referenced in motions several times over the course of the litigation, it may be submitted in full, if that does not necessitate a motion to seal.

6.      If a party has filed a document, a deposition, or other evidentiary material as an exhibit in support of or opposition to a motion, the exhibit should not ordinarily be filed again absent a specific reason. Whether needed in connection with the motion at issue or a future motion, the previously-filed exhibit can be referenced and incorporated by description and CM-ECF docket number. Unnecessary duplicates complicate the record.

7.      The Court discourages motions to seal. Compliance with L.R. 5.4 and L.R. 5.5 is mandatory. If more than five exhibits will be filed subject to a motion to seal and no L.R. 5.5 Order has been entered, the parties shall file a L.R. 5.5 Report in advance of filing a motion to seal or explain why compliance is impossible or infeasible.

      a.     Litigants are reminded that a party seeking to file an exhibit or brief fully or partially under seal has the burden to establish, both as to the facts and the law, why public access should be denied. Statements in briefs are not evidence and are ordinarily insufficient to meet this burden. An affidavit from a knowledgeable witness explaining what content is confidential and why is required. Overbroad or unsupported motions will be denied without a second chance. Before filing a motion to seal, counsel should review some of the Court's many opinions in this area. Patent cases are not treated differently.

b. When filing a motion to seal, the filing party shall, in the unredacted version filed under seal, highlight in yellow all of the information subject to the motion to seal so that the Court can easily identify it.

8. If a handwritten brief or pleading is necessary in the case of a pro se litigant, the document must be double-spaced and legible. It must comply with the margin requirements of the Local Rules.

9. The deadlines in the Local Rules provide adequate time for briefing in all but exceptional circumstances and parties should not expect motions for extensions of time to be granted. Scheduling Orders will not be modified merely because the parties so agree. The Court expects the parties to promptly move the case towards final resolution and to build in time for coping with delays and obstacles, as they are a normal part of litigation. The press of other legal work is not a valid basis for an extension of time or a continuance, as this case is just as important as other cases and clients. The Court often shortens the time for briefing related to motions to amend, discovery disputes, and other non-dispositive motions. Litigants should plan accordingly. If summary judgment motions are not filed, trial dates may be advanced.

/s/ Catherine C. Eagles
UNITED STATES DISTRICT JUDGE

3