UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:24-cv-738

CAMCO MANUFACTURING, LLC,

    Plaintiff

v.

GODIRECTINC.COM, INC.,

    Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Camco Manufacturing, LLC ("Camco"), by and through the undersigned counsel, hereby responds to Defendant GODIRECTINC.COM, INC.'s ("GODIRECT") Counterclaims as follows:

1.     Admitted.

2.     Admitted.

## JURISDICTION AND VENUE

3.     The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

4.     The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

5. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

6. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Cancellation of U.S. Reg. No. 6,274,487

7. Camco incorporates its responses to the preceding paragraphs as if fully stated herein.

8. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

9. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied. It is specifically denied that Camco's trade dress is functional.

10. Denied.

11. Denied.

12. It is admitted that the covers on electrical cords can prevent consumers from directly touching live wires when they are connected to an electrical outlet. Except as otherwise admitted, denied.

13. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

14. It is admitted that Camco's trademark at issue in this case is registered on the Supplemental Register of trademarks. Except as otherwise admitted, denied.

15. Denied.

16. It is admitted that the trade dress was placed on the Supplemental Register of trademarks in February 2021. Except as otherwise admitted, denied.

17. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

18. Denied.

19. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

20. Denied.

21. It is admitted that some of the pictures referenced in paragraph 21 contain images of yellow and black power cords. It is denied that these pictures include products that incorporate Camco's trade dress. Except as otherwise admitted, denied.

22. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

## SECOND COUNTERCLAIM

## Statutory Unfair Competition

23. Camco incorporates its responses to the preceding paragraphs as if fully stated herein.

24. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

25. The allegations in this paragraph refer to a written document, the terms of which speak for themselves. Camco denies any allegations that vary from or contradict the terms of that document. Further, the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

26. The allegations in this paragraph refer to a written document, the terms of which speak for themselves. Camco denies any allegations that vary from or contradict the terms of that document. Camco denies any remaining allegations in this paragraph.

27. The allegations in this paragraph refer to a written document, the terms of which speak for themselves. Camco denies any allegations that vary from or contradict the terms of that document. Camco denies any remaining allegations in this paragraph.

28. The allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

29. Denied.

30. Admitted.

31. The allegations in this paragraph refer to a written document, the terms of which speak for themselves. Camco denies any allegations that vary from or contradict the terms of that document. Further, the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

32. The allegations in this paragraph refer to a written document, the terms of which speak for themselves. Camco denies any allegations that vary from or contradict the terms of that document. Further, the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

33. The allegations in this paragraph refer to a written document, the terms of which speak for themselves. Camco denies any allegations that vary from or contradict the terms of that document. Further, the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations in this Paragraph are denied.

## FIRST AFFIRMATIVE DEFENSE

GODIRECT's counterclaims fail to state claims, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

GODIRECT's counterclaims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

GODIRECT's counterclaims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

GODIRECT's counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

GODIRECT's counterclaims are barred, in whole or in part, because GODIRECT has failed to present a real, justiciable controversy between the parties.

## SIXTH AFFIRMATIVE DEFENSE

GODIRECT did not sustain any actual loss or damage and is not entitled to recovery in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

GODIRECT is barred from recovery under its counterclaims by its own actions and conduct, including its own misrepresentations, actions, and inactions.

## RESERVATION OF RIGHTS AND NON-WAIVER

Camco reserves the right to assert such other defenses at such time and to such extent as warranted and as may be revealed through disclosure, discovery, and the factual developments in this matter.

WHEREFORE, Plaintiff Camco Manufacturing, LLC respectfully requests the following relief:

1. That the counterclaims be dismissed with prejudice;

2. That Defendant GODIRECTINC.COM, INC. have and recover nothing;

3. That the costs of this action be taxed against GODIRECTINC.COM, INC.;

4. That the Court grant a trial by jury on all issues so triable; and

5. All other such and further relief that the Court deems just and proper.

This the 8th day of May, 2025.

        s/ *Mason P. Butner*
        Jeffrey S. Southerland
        NC State Bar No. 34221
        jsoutherland@tuggleduggins.com
        Blake P. Hurt
        NC State Bar No. 42929
        bhurt@tuggleduggins.com
        Mason P. Butner
        NC State Bar No. 60794
        mbutner@tuggleduggins.com
        *Attorneys for Plaintiff*

OF COUNSEL:
TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, NC 27402
Telephone: (336) 378-1431 / Facsimile: (336) 274-6590

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was this date electronically filed and served on all parties to this action through the Court's CM/ECF system to the following:

> Joshua D. Martin
> Johnson & Martin, P.A.
> 525 North Tryon Street, Ste 1600
> Charlotte, NC 28202
> josh.martin@johnsonmartinlaw.com
> *Attorney for GoDirectInc.Com, Inc.*

This the 8th of May, 2025.

> /s/ *Mason P. Butner*
> Mason P. Butner
> NC State Bar No. 60794
> mbutner@tuggleduggins.com
> *Attorney for Plaintiff*

OF COUNSEL:
TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, NC 27402
Telephone: (336) 378-1431 / Facsimile: (336) 274-6590